IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 09 CR 976 |
| | ) | |
| | ) | |
| | ) | |
| Anthony Banas, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

<u>Memorandum Opinion and Order</u>

Anthony Banas is currently serving a below-Guidelines, 160-month sentence for his role in a scheme to defraud investors out of millions of dollars in health care savings. On July 29, 2020, he submitted a request for compassionate release to the warden of his correctional facility. The warden denied his request the following day, finding it "improperly submitted" under the BOP's procedures for implementing 18 U.S.C. § 3582 because Mr. Banas failed to offer extraordinary or compelling reasons warranting his release and failed to describe his release plan. Mr. Banas now seeks compassionate release in this forum, but he fails to correct either of these shortcomings. Because a showing of extraordinary and compelling circumstances is a prerequisite to relief under 18 U.S.C. § 3582(c)(1)(A), his motion is denied.

As a general rule, district courts lack authority to modify a sentence once it has become final. *United States v. Anderson*, 583 F.3d 504, 508 (7th Cir. 2009). A court may reduce a term of imprisonment only if, after considering the factors in 18 U.S.C. § 3553(a), "it finds that ... extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). Mr. Banas, who is 43 years old, cites his risk of contracting Covid-19 as a basis for relief, arguing that a chronic gastrointestinal condition makes him especially susceptible to the disease.

While Mr. Banas's concerns about contracting Covid-19 in prison are understandable, it remains the case that the majority of people exposed to the coronavirus suffer only mild to moderate to symptoms, with many showing no symptoms of Covid-19 at all. Mr. Banas offers no evidence to suggest that his gastrointestinal condition increases his Covid risk, and his medical records confirm that he is generally in good health. Indeed, a BOP Health Services Report dated 05/04/2020 states, "[p]er CDC guidelines inmate is not a high risk population for complications for COVID 19." As I have explained before, "[g]eneral concerns about possible exposure to COVID-19 do not meet the criteria for extraordinary and compelling reasons for a reduction in sentence set forth in the Sentencing Commission's policy statement on compassionate release,

U.S.S.G. § 1B1.13." *United States v. Gold*, 459 F. Supp. 3d 1117, 1120 (N.D. Ill. 2020) (citing cases). There is simply nothing in the record from which to conclude that Mr. Banas is at any greater risk from Covid-19 than the prison population as a whole.

Mr. Banas's motion also emphasizes the substantial efforts he made in the wake of his guilty plea to make the victims of his fraudulent scheme whole. But as the Seventh Circuit observed in affirming his sentence, Mr. Banas's acceptance of responsibility and his cooperation with the bankruptcy trustee appointed to recover assets for the victims of the fraud are factors the sentencing court already considered in imposing a below-Guidelines term of imprisonment. *See United States v. Banas*, 712 F.3d 1006, 1011 (7th Cir. 2013). Accordingly, while I am sympathetic to Mr. Banas's situation, his efforts to mitigate the harm he caused do not amount to extraordinary and compelling reasons warranting compassionate relief under § 3582(c)(1)(A).

ENTER ORDER:

Elaine E. Bucklo
United States District Judge

Dated: December 3, 2020

3